**JOSEPH WILLIS, Representative of the
Willis Estate, Objector**

v.

**GOVERNMENT OF AMERICAN SAMOA, Applicant**

## No. 7-1965

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Lugasami" in Afono]

## January 26, 1965

Muagututi'a, Counsel for Joseph Willis.

Donald R. Tindal, Assistant Attorney General.

Salanoa, Assistant Public Defender, Counsel for Government of American Samoa.

### OPINION OF THE COURT

MORROW, *Chief Justice.*

The Government of American Samoa filed its application to have a portion of the land named Lugasami in Sua County and designated as the Consolidated School Site in

the Village of Afono, registered as the land of the Government subject to certain contingent reversionary rights in the Matagaono Family of Afono. A survey of the tract proposed to be registered accompanied the application. Joseph Willis, as representative of the Willis Estate, filed an objection to the proposed registration claiming that approximately one acre of the land sought to be registered was the freehold land of the Willis Estate and that said freehold land was called Samoutiu and not Lugasami.

The Government claims the land under a warranty deed dated September 4, 1964, from Chief Matagaono M. The area of the deeded land is 1.736± acres. Objector Willis, as a representative of the Willis Estate, claims the land Samoutiu through Mary Williamson to whom it was deeded by the administrator of the estate of Paul H. Krause on June 11, 1901. The Supreme Court of Samoa on January 21, 1897, declared Paul H. Krause to be the "proprietor of all that parcel of land situate in Afono Bay in Tutuila in Samoa being land claim No. 60 and being called 'Samoutiu' and commencing at highwater mark on the seabeach and go along the highwater mark 106 feet then go inland to a marked coconut tree 150 feet then go to the east to another marked coconut tree 146 feet then go to the beach at the point of starting 142 feet subject to public rights over roads." This declaration of proprietorship by the Supreme Court of Samoa is known as Court Grant # 644.

Mary Williamson is described as a spinster in the deed to her. Mary married Alex Willis and had 10 children by him. She died and later, about 1912, Alex married Falesau by whom he had 13 children, one of whom is Joseph Willis, the objector. Joseph is 49 years old.

There was no evidence that Mary Williamson ever made a will. At her death her children inherited Samoutiu. If Alex derived any interest in Samoutiu from Mary, it was at most an estate for his life known to the com-

610

mon law as courtesy. He could have had no interest that would have survived his life which came to an end in 1943. None of the 13 children that Falesau had by Alex got any interest in Samoutiu. Also Falesau got no interest in Samoutiu. As before indicated the ownership of Samoutiu vested in the 10 children of Mary Williamson upon her death, subject to a possible life estate in Alex. Falesau did not marry Alex until after Mary's death; and at that time the ownership of Samoutiu had already vested in her 10 children, subject to a possible life estate in Alex. She and her 13 children got nothing from Mary. They have nothing to do with Samoutiu.

The basic issue in this case is whether all or any part of Samoutiu is included in the deed from Matagaono to the Government.

There is a plat of the land Samoutiu attached to the deed to Mary Williamson. (The deed and plat and Court Grant # 644 are in Folio 142 of the records of the Registrar of Titles.) Fred Saaga, the first witness, spent three years in New Zealand in training to become a surveyor and then engaged in surveying in Western Samoa from 1955 to 1962 and is now attached to the Land and Survey Division of the American Samoan Department of Public Works. He examined the plat of Samoutiu attached to the deed (Ex. 2) to Mary Williamson and the plat of the land deeded to the Government by Matagaono for the Afono School site (Ex. 1). He testified that it would be impossible today to locate Samoutiu from the description in the deed to Mary and the plat attached thereto. He also testified after his examination of Exhibits 1 and 2 that the land Samoutiu deeded to Mary Williamson in 1901 is not in the Afono School site area deeded to the Government by Matagaono.

Surveyor James Darling examined the plat of Samoutiu attached to the deed to Mary. He testified that he had no way of knowing whether the North-South direction line on

the plat was correct or not. Mr. Darling was not asked in court to examine the deed itself and the description of the boundaries of the land as they appear in the deed nor did he examine in court the Court Grant # 644 of Samoutiu from which the boundaries in the deed to Mary were taken.

We note that the third boundary in the Court Grant reads "then go to the east to another marked coconut tree 146 feet." This third boundary to the east as shown on the plat in Exhibit 2 is at right angles to the North-South direction line as shown on the plat in Exhibit 2. This being the fact, it follows that if the third boundary is correct, then the North-South direction line is correct, too. The objector claims that the North-South direction line is not correct. If it isn't then the third boundary is incorrect, too, and is it obvious that the plat is incorrect. It is no wonder to us that Fred Saaga who has had three years in training as a surveyor and nine years of practical experience as such testified that today Samoutiu could not be located.

There was no testimony from any of the witnesses for the objector that the marked coconut trees referred to in the description of Samoutiu in the deed to Mary had ever been located nor did any witness tell the court just what part of the seabeach comprised the 106 feet along the beach. The seabeach in Afono is several hundred feet long. The description in the deed does not identify where the 106 feet of the first boundary of Samoutiu begins or where it ends. Of course, if the marked coconut trees could be located, possibly the 106 feet of the seabeach could be located, too. But there was no evidence whatever that the marked coconut trees could be located. Presumably they were at two corners of Samoutiu when the Court Grant of Samoutiu was made in 1897, but from 1897 to 1965 is 68 years. Those coconut trees could well have disappeared years ago.

There was evidence that the Matagaono Family had used the land deeded to the Government before the Government was established in 1900 and since 1900; that they cleared it from the virgin bush and put in plantations on it. It was used for plantations and the family had a cookhouse on it. The Matagaono gave permission to the L.M.S. faifeau to put up his house on the deeded land. Marines put up gun emplacements on the school site land during the war and damaged plantations thereon. The Matagaono filed a war damage claim on the deeded school site land and was paid about $200 or $220. There was no evidence that the Willis Family filed any war damage claim on the deeded land or any part of it. The present Matagaono, who is 60 years old, testified that his family had had plantations on the land deeded to the Government ever since he got old enough to know things and that no one during all of that time ever interfered with their possession. Laupola, 63 years old, testified that he has lived in Afono all his life and, that since he was old enough to know things, the Matagaono Family has used the school site land for plantations. He is the High Chief of Afono, and his family has land adjacent to the school site land.

We believe from the evidence that three Catholic catechists, viz. Timo, Sivelio, and Petelo, have used in succession a part of the school site land through permission first granted to Timo by Matagaono Taise. The present Matagaono testified that such permission was granted to Timo. Saofaiga Matagaono testified to the same effect.

Seuvaai Matagaono, 69 years old, testified that he and his father and Timo planted tobacco together on a part of the land deeded to the Government and that the Matagaono had used the land for plantations ever since he (the witness) got old enough to know things.

Catechist Timo testified that when he went to Afono Father Bellwell told him to cultivate freehold land for the

church and that it was owned by the husband of Mary Williamson. He also testified that Falesau (Alex Willis' wife after the death of Mary) gave him permission to use some land later. He also testified that Matagaono objected to his use of the land. The last time Timo was in Afono was eight or nine years ago. He does not know whether Sivelio took over his plantations after he left Afono about 1955. It should be stated here that Falesau had no interest in Samoutiu and her permission to Timo, if it was given, was a nullity. She is a first cousin of Timo. Timo was in Afono from 1924 to 1955.

Fred Uhrle testified that he was on an appraisal board that went to Afono around 1954 or 1955 to appraise freehold land for the purpose of taxation. Joseph Willis, the objector, was along. Fred saw some land that was shown to him by the pulenu'u, which he supposed was Samoutiu. He saw some marks on coconut trees, but he did not know whether they were the coconut trees referred to in the description of Samoutiu in the deed to Mary Williamson nor did he know whether the land the appraisal board saw was in the land deeded by Matagaono to the Government. He has not been in Afono since 1955. It was stipulated that the Willis Family has paid taxes on Samoutiu.

Joseph Willis, the objector, testified. He did not know whether the two coconut trees on the supposed land Samoutiu had marks on them or not. He claimed that the land Samoutiu, or part of it, is within the school site area.

Matagaono, recalled as a witness for the objector, testified that Timo, and after him Petelo, used land that was within the school site area. He again testified the permission for such use was given by Matagaono Taiese.

Both Samoan judges believe that the weight of evidence is to the effect that permission was given to Timo by Matagaono Taiese as testified to by the present holder of

the title and Saofaiga Matagaono. The writer of this opinion agrees that such is the weight of evidence.

We also believe from the evidence that the Matagaono Family has had plantations on the land deeded to the Government, the school site area, from the time the Government was established, and probably before, and that upon the evidence their possession has been adverse to any other possible claimant or claimants.

We believe, especially from the testimony of surveyor Fred Saaga and the plat of Samoutiu as it appears in the attachment to the 1901 deed to Mary Williamson, that Samoutiu, wherever it may be located, is outside the land deeded to the Government by Matagaono.

In our opinion, considering all the evidence, the weight of evidence is to the effect that neither Samoutiu nor any part of it is within the land deeded to the Government by Matagaono for the Afono school site, and we so find.

### DECREE

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the portion of the land Lugasami, containing 1.736± acres, as shown on the plat accompanying the application of the Government to register the same, and designated as the Consolidated School Site in the Village of Afono, shall be registered as the property of the Government of American Samoa, subject to the condition that if at any time after thirty (30) years the Government ceases to use such land for educational school purposes, it shall revert after one (1) year of non-use for educational purposes to the Matagaono Family of the Village of Afono.

The Registrar of Titles will be advised of this decree.

Costs in the sum of $25.00 are hereby assessed against Joseph Willis, the same to be paid within 20 days.